PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENDURANCE WARRANTY SERVICES, L.L.C., an Illinois entity,<br><br>Defendant. | Case No.: **'25CV2694 GPC KSC**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF B&P CODE SECTION 17529.5 (UNLAWFUL SPAMMING)** |

- 1 -
CLASS ACTION COMPLAINT

# I. NATURE OF ACTION

1. California's robust Anti-Spam Law imposes both strict liability and liquidated damages on companies that benefit from deceptive unsolicited commercial e-mail advertisements (i.e., "spam"). It dispenses with the requirement of proving actual damages, intent, or scienter, and forces companies to actively monitor their e-mail promotions by imposing exceptionally broad liability. [1]

2. Plaintiff recently received the below spam e-mail promoting Defendant's services:

From: **Endurance_Auto** <DEfQ5@kpyjas.cl>
Date: Fri, Sep 19, 2025 at 7:56 AM
Subject: Congrats! REBEKA.JOHANNA23 -You're Eligible For Discounted Pricing! _____75
To: <Wa6NyN8yMmwGBGMQnL3gX@itlgopk.uk>

**A.     Protect Your Car and Your Wallet: Save $300 on a Vehicle Protection Plan!**

Sign up for a comprehensive vehicle protection plan and get $300 off any policy
Get Your Free Quote >>
**Select the year of your vehicle for a free quote**

<19992000-20052006-20102011-20152016-2020>2021
**Tap your mileage to receive your quotes**

36,000-60,000 miles60,000-80,000 miles80,000-100,000 milesover 100,000 miles
**Information on Recrod:**

---

[1] *See Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 829-30 (Cal. Ct. App. 2d Dist. 2011) (Section 17529.5 "impos[es] strict liability on advertisers who benefit from (and are the ultimate cause of) deceptive e-mails"); *Id*. at 822 (Section 17529.5 "does not require the plaintiff to prove that it relied on the deceptive commercial e-mail message or that it incurred damages as a result of the deceptive message"); Id at 821 ("Section 17529.5 … does not include any 'scienter' or intent requirement"); *Id*. at 820 ("[S]ection 17529.5 does not require the plaintiff to show that the defendant actually made a false or deceptive statement…. [B]y its plain terms, the statute is not limited to entities that actually send or initiate a deceptive commercial e-mail, but applies more broadly to any entity that advertises in those e-mails."

> **Submit Now**
> Elite Benefits: First year complimentary. $29 non-refundable activation fee applies. VSC must be active. Void were prohibited. Not available in CA. Vehicle Service Contract (VSC) coverage, deductibles, and claims payment may vary depending on vehicle age, mileage, pre-existing conditions, and plan purchased. OEM parts and/or parts of like kind and quality may be used. Pre-authorization required. Availability varies by state. In California Endurance sells Mechanical Breakdown Insurance (MBI) underwritten by Security National Insurance Company and administered through Endurance Warranty Insurance Services, CA License #6009544.
> Visit endurancewarranty.com for more details. 400 Skokie Blvd., Northbrook, IL 60062. FL residents: administrator Lyndon Southern Insurance Company, 10751 Deerwood Park Blvd., Ste. 200, Jacksonville, FL 32256; Lic No. 03698; Northcoast Warranty Services, Inc., 800 Superior Avenue E., 21st Fl., Cleveland, OH 44114; Lic Nos. 49127 & 49125; Wesco Insurance Company, 800 Superior Avenue E., 21st Fl., Cleveland, OH 44114; Lic No. 01913.
> Unsubscribe
> ©2025 Endurance Warranty Services, LLC. All Rights Reserved. 400 Skokie Blvd. Suite 470, Northbrook, IL 60062
> This is an email advertisement.

As shown below, the above e-mail violates Section 17529.5 in multiple ways. Defendant is strictly liable for liquidated damages of $1,000 to Plaintiff and each class member who received the same or similar spam.

## II.   JURISDICTION AND VENUE

3. Plaintiff is and was at all times mentioned herein a citizen of the State of California who lives in San Diego County and received the spam e-mail while in San Diego County.

4. Defendant is a limited liability corporation with its principal place of business in Illinois.

5. This Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity

because at least one Plaintiff and Defendant are citizens of different states.

6. Defendant is subject to jurisdiction under California's "long-arm" statute because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."

### III.    FACTUAL ALLEGATIONS

7. Plaintiff is a California resident and citizen and is the owner of the e-mail address "rebeka.rodriguez23@yahoo.com."

8. Plaintiff's e-mail address is a "California e-mail address" because Plaintiff ordinarily accesses the e-mail address from a computer in California. *See* Bus. & Prof. Code § 17529.1(b).

9. The spam identified above is a "Commercial e-mail advertisement" because it was initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit. *See* Bus. & Prof. Code § 17529.1(c).

10. Plaintiff never gave "direct consent" to receive commercial e-mail advertisements from Defendant or its marketing agents. Indeed, "direct consent" under the statute requires a unique level of specificity and clarity that must be informed, knowing, and explicit — meaning that consumers must be told clearly that they are agreeing to receive advertising emails from a particular sender, and for what purpose, at the time they provide their email address.

11. The above spam violates Bus. & Prof. Code § 17529.5 in three separate and distinct ways:

   a. **Unauthorized Use of a Domain Name in Violation of Section 17529.5(a)(1).** A domain name is the unique Internet address used to identify the origin of an email transmission. It functions as a digital signature and is intended to enable recipients to verify the sender's identity. The domain name associated with the above email should reflect Endurance Warranty (the company whose products are being advertised) rather than

- 4 -

"kpyjas.cl", which is a Chilean country-code top-level domain (ccTLD) that lacks any credible WHOIS or registration record and which lacks any connection to Defendant.

b. **Misrepresented Header Information In Violation of Section 17529.5(a)(2).** An email header is the portion of an electronic mail message that contains the routing, addressing, and technical information necessary for the message to be transmitted and delivered across the internet. Unlike the visible body of an email, the header records the path the message takes from the sender to the recipient and includes fields such as the "From," "To," "Date," "Subject," and the originating Internet Protocol (IP) address. The header serves as the digital equivalent of a postmark and return address on a physical letter—it discloses who sent the message, the servers through which it traveled, and how it reached the recipient's inbox. The above email has a misrepresented header because: (1) the e-mail was sent to Plaintiff at Plaintiff's California e-mail address, yet the "to" address shows as [Wa6NyN8yMmwGBGMQnL3gX@itlgopk.uk](Wa6NyN8yMmwGBGMQnL3gX@itlgopk.uk)' (2) the email is from "Endurance Auto," a vehicle protection company, yet the domain @kpyjas.cl has no legitimate connection to Endurance or any recognized business entity. The ".cl" country code denotes Chile, while Endurance is a U.S.-based company—strong evidence that the domain was fabricated or hijacked for deceptive purposes; (3) the domain itself appears inactive or unregistered, suggesting it was used solely to mask the sender's true identity; and (4) the mismatch between the brand name ("Endurance Auto") and the sending domain ("kpyjas.cl") makes the header inherently false and misleading because it disguises the real origin of the message. This structure tricks recipients (and spam filters) into believing the email is legitimate and associated with a real business, when it actually originates from an unrelated or untraceable source.

    c. **Deceptive Subject Line and Contents in Violation of Section 17529.5(a)(3).** This section prohibits deceptive subject lines and imposes an affirmative duty of accuracy in the material facts contained in the content of commercial e-mail. This subject line is misleading in several ways. *First*, the subject "Congrats! REBEKA.JOHANNA23 - You're Eligible For Discounted Pricing! _____75" is misleading because it creates a false sense of personalization (using "REBEKA.JOHANNA23") even though the recipient is a random target. *Second*, the term "Congrats!" falsely implies the recipient has won something or qualified for a reward, when in fact it's just a solicitation. *Third*, the subject line does not mention a "$29 non-refundable activation fee." *Fourth*, the offer is not even available in California.

12. In sum, the overall net impression of the email is misleading because every key element—the subject line, the header, and the promotional content—works together to create a false sense of authenticity and entitlement.

13. Under Business & Professions Code §17529.5(b)(1)(B)(ii), each unlawful email constitutes a separate "incident" for purposes of statutory damages. The statute is structured to treat every deceptive or misleading email as an independent violation because each transmission represents a distinct act of deception and a separate invasion of the recipient's privacy and inbox. The Legislature expressly adopted this "per email" approach to deter mass spamming campaigns, recognizing that spam's harm multiplies with each delivery, regardless of whether the content is identical.

14. Although a plaintiff need not plead or prove actual damages to bring a claim under the statute, Plaintiff has in fact suffered concrete, particularized harm as a result of Defendant's conduct. Plaintiff spent valuable time and attention identifying, reading, and deleting the deceptive email; incurred opportunity costs and lost productivity; and suffered depletion of device and network resources, including storage space, bandwidth usage on a metered data plan, and battery life. The unauthorized domain name,

misleading headers and subject lines also invaded Plaintiff's privacy and disrupted the ordinary use and enjoyment of Plaintiff's email account, diminishing its value as a communication tool and necessitating additional filtering and security precautions. These injuries were directly caused by Defendant's unlawful emails and are redressable by statutory and injunctive relief.

15. Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section

## IV.   CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of all persons similarly situated and seeks certification of the following class:

> All natural persons who, at the time of receipt, were citizens of California and used California-based email addresses, who received any commercial email advertisement promoting Defendant's services, where such email(s) contained: (1) a falsified, misrepresented, or forged domain name; (2) falsified, misrepresented, or forged header information; or (3) false or misleading subject line or contents in violation of California Business and Professions Code § 17529.5, within the four years preceding the filing of this action.

17. The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Defendant, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

18. **Numerosity.** The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate

discovery, but Plaintiff is informed and believes, and thereon, alleges that there are at least 10,000 members of the Class.

19. **Typicality.** Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

20. **Adequacy of Representation.** Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously.

21. **Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

   a. Whether Defendant sent unsolicited commercial e-mail to Class members;
   b. Whether the e-mails were sent in violation of Business and Professions Code Section 17529.5.

22. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

23. **Ascertainability**. Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses.

## V.  CAUSE OF ACTION

### Violation of Cal. Business & Professions Code § 17529.5

24. Plaintiff received the above unsolicited commercial e-mail at Plaintiff's California e-mail address within one year prior to filing the Complaint at a California e-mail address.

25. As shown above, the spam violated one or more provisions of Section 17529.5.

26. Defendant is strictly liable for violation of Section 17529.5 for sending the spam and is liable to each class member in the amount of $1,000 per class member.

27. Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5 that would justify a reduction in liquidated damages.

28. Plaintiff and every Class member who received the above e-mail are entitled to $1,000 in liquidated damages from Defendant, (Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii)), and to recover reasonable attorney's fees and costs, (Cal. Bus. & Prof. Code § 17529.5(b)(1)(C)).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a. For an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel;
b. For all available declaratory, legal, and equitable relief including injunctive relief;
c. For statutory damages;
d. For punitive damages;
e. For attorneys' fees and costs as allowed by law; and
f. For any and all other relief at law or equity that may be appropriate.

Dated: October 10, 2025        PACIFIC TRIAL ATTORNEYS, APC

By: */s/ Scott J. Ferrell*
Scott J. Ferrell
Attorneys for Plaintiff and the Proposed Class

CLASS ACTION COMPLAINT