PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, BIANCA GARCIA, BARBARA WAINWRIGHT AND TOMMY PURSCELLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENDURANCE WARRANTY SERVICES, LLC, an Illinois entity,<br><br>Defendant. | Case No.: 3:25-cv-02694-GPC-KSC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF B&P CODE SECTION 17529.5 (UNLAWFUL SPAMMING)** |

- 1 -

# I.    NATURE OF ACTION

1.    Defendant Endurance Warranty Services, LLC ("Endurance") is a serial bad actor that specializes in high-pressure sales tactics and deceptive marketing.  It markets "vehicle service contracts" through aggressive, urgency-driven solicitations designed to trick unwary consumers into purchasing costly and unnecessary extended auto warranties.  Not surprisingly, Endurance has been a frequent target of both federal and state regulatory action.[1]

2.    Going from bad to worse, a cursory review of online sources reveals that Endurance is *also* a notoriously prolific spammer.[2]  It floods consumer inboxes with false and misleading advertisements using falsified header information and spoofed domains (to evade spam filters) aloing with deceptive subject lines, masking the true sender and inducing recipients to open messages under false pretenses.

3.    Fortunately, California's robust Anti-Spam Law imposes both strict liability and liquidated damages on companies like Endurance that benefit from deceptive unsolicited commercial e-mail advertisements (i.e., "spam").  It dispenses with the requirement of proving actual damages, intent, or scienter, and forces companies to actively monitor their e-mail promotions by imposing exceptionally broad liability. [3]

---

[1]    *See* Fed. Trade Comm'n, *Auto Warranties, Service Contracts, and Repair Scams* (2023), https://www.ftc.gov; *Attorney General Secures Settlement with Vehicle Service Contract Provider Endurance Warranty Services* (May 2023), https://www.doj.state.or.us.    Likewise, media investigations have documented widespread consumer complaints. *See, e.g.*, Consumer Reports, *Extended Car Warranties: What You Need to Know Before You Buy* (2022), https://www.consumerreports.org.

[2]    *See* https://www.facebook.com/groups/subarucrosstrek/posts/4015387912122811/ *("*Be careful I got a spam letter. It's not from Subaru. It says "Endurance"saying that the policy went up. I called the dealership and they said it is spam and then when I googled the phone number it also came up as spam.")*; https://www.reddit.com/r/GMail/comments/1oeffql/endurance_auto_insurance_spam_cant_be_blocked/#:~:text=I%20keep%20getting%20nonstop%20spam,is%20behind%20both%20of%20them. ("I keep getting nonstop spam from Endurance Auto Insurance in my inbox. Every email looks different and comes from a new sender so I can't make filters that catch them. The text is usually an image or filled with random spaces or symbols.").

[3]    *See Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 829-30 (Cal. Ct. App. 2d Dist. 2011) (Section 17529.5 "impos[es] strict liability on advertisers who benefit from

Continued on the next page

FIRST AMENDED CLASS ACTION COMPLAINT

## II.    JURISDICTION AND VENUE

4.    Each named Plaintiff is and was at all times mentioned herein a citizen of the State of California who received spam e-mail from Defendant.

5.    Defendant is a limited liability corporation with its principal place of business in Illinois.

6.    This Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

7.    Defendant is subject to jurisdiction under California's "long-arm" statute because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."

## III.    FACTUAL ALLEGATIONS

8.    Plaintiff Rebeka Rodriguez is a California resident and citizen and is the owner of the e-mail address rebeka.rodriguez23@yahoo.com.  On September 19, she received a spam e-mail promoting Defendant's products from the address DEfQ5@kpyjas.cl.  The Subject line stated "Congrats! REBEKA.JOHANNA23 -You're Eligible For Discounted Pricing!"

9.    Plaintiff Bianca Garcia is a California resident and citizen and is the owner of the e-mail address garciabi_loves1@yahoo.com.  On November 13 2025, she received a spam e-mail promoting Defendant's products from the address "ey8151b@b1d.burgundyteapot.com."  The subject line of the e-mail stated "Endur a

_____

(and are the ultimate cause of) deceptive e-mails"); *Id.* at 822 (Section 17529.5 "does not require the plaintiff to prove that it relied on the deceptive commercial e-mail message or that it incurred damages as a result of the deceptive message"); Id at 821 ("Section 17529.5 … does not include any 'scienter' or intent requirement"); *Id.* at 820 ("[S]ection 17529.5 does not require the plaintiff to show that the defendant actually made a false or deceptive statement…. [B]y its plain terms, the statute is not limited to entities that actually send or initiate a deceptive commercial e-mail, but applies more broadly to any entity that advertises in those e-mails."

FIRST AMENDED CLASS ACTION COMPLAINT

nce P r o m o - $300 o ff a ny n e w plan" (odd spacing included in original spam e-mail to evade spam filter).

10. Plaintiff Barbara Wainwright is a California resident and citizen and is the owner of the e-mail address angelicconversations@hotmail.com. On November 14 2025, she received a spam e-mail promoting Defendant's products from the address "enduranceautowarranty@martingifts.com." The subject line of the e-mail stated "Your Endurance Auto Protection Offer - $300 off any new policy."

11. Plaintiff Tommy Purscelley is a California resident and citizen and is the owner of the e-mail address tommyp2019@yahoo.com. On November 13 2025, he received a spam e-mail promoting Defendant's products from the e-mail address "operations@financial-wellness-tips.com." The subject line of the e-mail read "Dear MR. PURSCELLEY, You're eligible for discounted pricing 🎉▢."

12. Each of the previously-identified spam e-mails were sent from "spoofed" e-mail address to conceal the identity of the true sender. Indeed, after receiving the e-mails, each Plaintiff searched the publicly available WHOIS database to identify the sender associated with the domain used in the various "From" fields – and none of the plaintiffs were able to do so because none of the sending domains were registered to, publicly associated with, or traceable to Defendant through WHOIS or any other public registry.

13. The subject line of the spams promising that each plaintiff was eligible for discounted pricing or $300 off were also both misleading and literally false. Indeed, each Plaintiff clicked on the link in the spam e-mail and was directed to Endurance's website, but none of them found any genuine price reduction. As such, each Plaintiff was deceived into searching for genuine, individualized, and time-limited price reductions when no such discount actually exists. At best, the purported "discounts" were not tied to any bona fide reference price, eligibility determination, or temporary promotional event; instead, the spams were part of an evergreen marketing tactic uniformly deployed to induce recipients to engage with Endurance's sales funnel. Plaintiffs were not selected for any special pricing, did not qualify for any reduced rates unavailable to the general

- 4 -

FIRST AMENDED CLASS ACTION COMPLAINT

public, and were offered no discount off a genuine prevailing price. Rather, Endurance routinely markets its vehicle service contracts using inflated baseline pricing and illusory discounts that are presented as special offers but are, in fact, part of Endurance's standard sales script. By framing ordinary pricing as discounted and asserting that Plaintiffs were "eligible" for such pricing, the emails falsely implied exclusivity, urgency, and consumer benefit where none exists.

14.    The misrepresentations in the subject lines were material because a reasonable recipient would understand "eligibility" and "$300 off" to mean that the sender has made a substantive pricing determination and that delaying action would forfeit a real economic advantage, and each plaintiff was actually deceived into opening spam that they would have otherwise deleted and searching for an illusory discount that did not exist.

15.    The preceding spam e-mails are just a small sample of the spam that each plaintiff has received from Defendant. Indeed, each Plaintiff has received multiple unwanted e-mails from Defendant. Based on publicly available sources, it is believed that Endurance is responsible for over 100,000 spam e-mails to Californians each year.

16.    Each of the preceding Plaintiff's e-mail addresses are "California e-mail addresses" because Plaintiffs ordinarily accesses the e-mail addresses from a computers in California. *See* Bus. & Prof. Code § 17529.1(b).

17.    The spams identified above are "Unsolicited Commercial e-mail advertisements" because plaintiffs had no pre-existing relationship with Defendant and because the e-mails were initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit. *See* Bus. & Prof. Code § 17529.1(c).

18.    None of the Plaintiffs ever gave "direct consent" to receive commercial e-mail advertisements from Defendant or its marketing agents. Indeed, "direct consent" under the statute requires a unique level of specificity and clarity that must be informed, knowing, and explicit  — meaning that consumers must be told clearly that they are

agreeing to receive advertising emails from a particular sender, and for what purpose, at the time they provide their email address.

19. The above spams all violate <u>Bus. & Prof. Code</u> § 17529.5 in three separate and distinct ways:

a. **<u>Unauthorized Use of a Domain Name in Violation of Section 17529.5(a)(1).</u>** A domain name is the unique Internet address used to identify the origin of an email transmission. It functions as a digital signature and is intended to enable recipients to verify the sender's identity.  Each of the emails described above violates Business and Professions Code § 17529.5(a)(1) because they advertise Defendant's products using domain names that were neither owned by, registered to, nor authorized by Defendant, thereby misrepresenting the identity of the sender:

(1) In the September 19 email sent to Plaintiff Rodriguez from the address "DEfQ5@kpyjas.cl," the use of an obscure, foreign country-code domain bearing no relation to Defendant falsely suggests a sender unrelated to the advertiser and conceals Defendant's identity altogether.

(2) Similarly, the November 13 email sent to Plaintiff Garcia from "ey8151b@b1d.burgundyteapot.com" employs a third-party domain unrelated to Defendant, giving the false impression that the message originated from an independent entity rather than the company whose products were being promoted.

(3) The November 14 email sent to Plaintiff Wainwright from "enduranceautowarranty@martingifts.com" is particularly deceptive because it pairs Defendant's brand name with a wholly unrelated domain, falsely implying that Defendant controls or is affiliated with the "martingifts.com" domain when it is not.

(4) Finally, the November 13 email sent to Plaintiff Purscelley from "operations@financial-wellness-tips.com" likewise advertises Defendant's products while masking the sender behind a generic, unaffiliated domain that has no public association with Defendant.

In each instance, Defendant advertised in commercial emails that used third-party or fabricated domain names without authorization, thereby disguising the true sender and frustrating recipients' ability to identify who was actually behind the message. This practice constitutes the unauthorized use of domain names and the misrepresentation of sender information prohibited by § 17529.5(a)(1), regardless of whether Defendant's brand name appears elsewhere in the email content.

b. **Misrepresented Header Information In Violation of Section 17529.5(a)(2).** An email header is the portion of an electronic mail message that contains the routing, addressing, and technical information necessary for the message to be transmitted and delivered across the internet. Unlike the visible body of an email, the header records the path the message takes from the sender to the recipient and includes fields such as the "From," "To," "Date," "Subject," and the originating Internet Protocol (IP) address. The header serves as the digital equivalent of a postmark and return address on a physical letter—it discloses who sent the message, the servers through which it traveled, and how it reached the recipient's inbox. Each of the emails described above contains misrepresented header information in violation of Business and Professions Code § 17529.5(a)(2) because the "From" addresses and associated domains falsely identify or obscure the true sender of the message, preventing recipients from determining who actually sent the email:

(1) The September 19 email sent to Plaintiff Rodriguez from "DEfQ5@kpyjas.cl" uses a nonsensical alphanumeric local part and an unrelated foreign country-code domain, which bears no logical or

- 7 -

FIRST AMENDED CLASS ACTION COMPLAINT

traceable connection to Defendant and falsely suggests that the message originated from an unknown third party rather than the advertiser whose products were being promoted.

(2) The November 13 email sent to Plaintiff Garcia from "ey8151b@b1d.burgundyteapot.com" similarly misrepresents the sender by routing the message through an obscure subdomain of an unrelated website, masking Defendant's identity and misleading the recipient as to the source of the email.

(3) The November 14 email sent to Plaintiff Wainwright from "enduranceautowarranty@martingifts.com" is deceptive for the additional reason that it combines Defendant's brand name with a domain owned by a completely different entity, falsely implying an affiliation or authorization that does not exist and misdirecting recipients who attempt to identify the sender through the header information.

(4) Finally, the November 13 email sent to Plaintiff Purscelley from "operations@financial-wellness-tips.com" uses a generic, non-brand domain that conceals Defendant's involvement entirely and creates the misleading impression that the message originated from a neutral financial newsletter or service rather than a vehicle service contract advertiser.

In each case, the header information is misrepresented because it does not accurately or truthfully identify the person or entity who initiated and benefited from the email, which is precisely the deceptive practice § 17529.5(a)(2) was enacted to prohibit.

c. **Deceptive Subject Line and Contents in Violation of Section 17529.5(a)(3).** This section prohibits deceptive subject lines and imposes an affirmative duty of accuracy in the material facts contained in the content of commercial e-mail. Each of the emails described above also violates

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

Business and Professions Code § 17529.5(a)(3) because the subject lines are likely to mislead a reasonable recipient about the nature and substance of the message, falsely implying eligibility, exclusivity, or genuine discounts that do not exist.

(1) The September 19 email sent to Plaintiff Rodriguez with the subject line "Congrats! REBEKA.JOHANNA23 – You're Eligible For Discounted Pricing!" is deceptive because it suggests that Plaintiff was specially selected or qualified for a reduced price based on individualized criteria, when in reality the message was part of a mass marketing campaign and no unique eligibility determination had been made.

(2) The November 13 email sent to Plaintiff Garcia with the subject line "Endur a nce  P r o m o – $300  o ff  a ny n e w plan" is misleading because it represents a concrete monetary discount that is not tied to any bona fide reference price and uses altered characters and spacing to evade spam filters while still conveying a false promise of savings.

(3) The November 14 email sent to Plaintiff Wainwright with the subject line "Your Endurance Auto Protection Offer – $300 off any new policy" similarly misleads by framing ordinary pricing as a special, limited offer directed specifically to the recipient, falsely implying a genuine reduction from a regular price and an individualized opportunity.

(4) Finally, the November 13 email sent to Plaintiff Purscelley with the subject line "Dear MR. PURSCELLEY, You're eligible for discounted pricing 🎉▯" is deceptive because it uses personalization and celebratory language to suggest that Plaintiff had been affirmatively approved for preferential pricing, when the purported "discounted pricing" was merely a standard marketing hook

- 9 -

uniformly sent to countless recipients. In each instance, the subject line conveys a false sense of exclusivity, urgency, or economic benefit that is contradicted by the uniform and non-discounted nature of Defendant's actual pricing, rendering the subject lines misleading and unlawful under § 17529.5(a)(3).

Moreover, *all* of the subject lines are misleading for the additional reason that the advertised program is not even available in California.

20. Under Business & Professions Code §17529.5(b)(1)(B)(ii), each unlawful email constitutes a separate "incident" for purposes of statutory damages. The statute is structured to treat every deceptive or misleading email as an independent violation because each transmission represents a distinct act of deception and a separate invasion of the recipient's privacy and inbox. The Legislature expressly adopted this "per email" approach to deter mass spamming campaigns, recognizing that spam's harm multiplies with each delivery, regardless of whether the content is identical.

21. Although a plaintiff need not plead or prove actual damages to bring a claim under the statute, each Plaintiff has in fact suffered concrete, particularized harm as a result of Defendant's conduct. Each Plaintiff spent valuable time and attention identifying, reading, and deleting the deceptive email; spent time searching for an illusory discount that did not exist; incurred opportunity costs and lost productivity; and suffered depletion of device and network resources, including storage space, bandwidth usage on a metered data plan, and battery life.

22. The unauthorized domain name, misleading headers and subject lines also invaded Plaintiffs' privacy and disrupted the ordinary use and enjoyment of Plaintiffs' email accounts, diminishing their value as a communication tool and necessitating additional filtering and security precautions. These injuries were directly caused by Defendant's unlawful emails and are redressable by statutory and injunctive relief.

23. Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail

- 10 -

FIRST AMENDED CLASS ACTION COMPLAINT

advertisements.  In fact, Defendant actively defies California law, as shown by the fact that Defendant continues to spam Plaintiffs and other California residents despite the existence of this lawsuit.

## IV.    CLASS ACTION ALLEGATIONS

24.    Plaintiffs bring this action on behalf of all persons similarly situated and seek certification of the following class:

All California citizens who received any commercial e-mail from Defendant at a California e-mail address where such email(s) contained: (1) a falsified, misrepresented, or forged domain name; (2) falsified, misrepresented, or forged header information; or (3) false or misleading subject line or contents in violation of California Business and Professions Code § 17529.5, within the four years preceding the filing of this action.

25.    The above-described class of persons shall hereafter be referred to as the "Class."  Excluded from the Class are any and all past or present officers, directors, or employees of Defendant, any judge who presides over this action, and any partner or employee of Class Counsel.  Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with a motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

26.    **Numerosity.**  The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, but Plaintiffs are informed and believes, and thereon, alleges that there are at least 10,000 members of the Class.

27.    **Typicality.**  Plaintiffs' claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

FIRST AMENDED CLASS ACTION COMPLAINT

28.    **Adequacy of Representation.**  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs have retained attorneys who are experienced in the handling of complex litigation and class actions, and intend to prosecute this action vigorously.

29.    **Predominance of Common Questions of Law or Fact.**  Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

   a. Whether Defendant sent unsolicited commercial e-mail to Class members;

   b. Whether the e-mails were sent in violation of Business and Professions Code Section 17529.5.

30.    **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

31.    **Ascertainability**.  Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses.

## V.    CAUSE OF ACTION

### Violation of Cal. Business & Professions Code § 17529.5

32.    Each plaintiff received the above unsolicited commercial e-mail at a California e-mail address within one year prior to filing the Complaint at a California e-mail address.

FIRST AMENDED CLASS ACTION COMPLAINT

33.    As shown above, each of the spam violated one or more provisions of Section 17529.5.

34.    Defendant is strictly liable for violation of Section 17529.5 for sending each spam and is liable in the amount of $1,000 per spam per class member.

35.    Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5 that would justify a reduction in liquidated damages.

36.    Plaintiffs and every Class member who received any violative e-mail are entitled to $1,000 in liquidated damages per e-mail from Defendant (Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii)), and to recover reasonable attorney's fees and costs (Cal. Bus. & Prof. Code § 17529.5(b)(1)(C)).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seeks judgment against Defendant as follows:

a.  For an order certifying that the action be maintained as a class action, that Plaintiffs be designated as class representatives, and that undersigned counsel be designated as class counsel;

b.  For all available declaratory, legal, and equitable relief including injunctive relief;

c.  For statutory damages of $1,000 per violative e-mail;

d.  For punitive damages;

e.  For attorneys' fees and costs as allowed by law; and

f.  For any and all other relief at law or equity that may be appropriate.

Dated:  December 31, 2025          PACIFIC TRIAL ATTORNEYS, APC


By: _/s/ Scott J. Ferrell_
Scott J. Ferrell
Attorneys for Plaintiff and the Proposed Class

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT